```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         CHARLESTON
```

**PARKER MOONEY,**

    **Plaintiff,**

**v.**                                              **CASE NO. 2:06-cv-00048**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security[1],**

    **Defendant.**


## M E M O R A N D U M   O P I N I O N

This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f.  This case is presently pending before the court on Plaintiff's brief in support of his complaint and Defendant's brief in support of judgment on the pleadings. Both parties have consented in writing to a decision by the United States Magistrate Judge.

Plaintiff, Parker Mooney (hereinafter referred to as "Claimant"), filed applications for SSI and DIB on June 23, 2003, alleging disability as of May 15, 2003, due to emphysema and a

---

[1]  On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security.  Under Fed. R. Civ. P. 25(d)(1) and 42 U.S.C. § 405(g), Michael J. Astrue is automatically substituted for Linda S. McMahon as the defendant in this action.

broken heel. (Tr. at 91-93, 110, 277-80.) The claims were denied initially and upon reconsideration. (Tr. at 65-69, 72-74, 282-86, 288-90.) On July 23, 2004, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 75.) The hearing was held on June 23, 2005, before the Honorable Arthur Conover. (Tr. at 29-62.) By decision dated July 12, 2005, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 14-24.) The ALJ's decision became the final decision of the Commissioner on November 17, 2005, when the Appeals Council denied Claimant's request for review. (Tr. at 4-8.) On January 19, 2006, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2005). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§

2

404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. Id. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2005). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists

in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since the alleged onset date. (Tr. at 15.) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of residuals of right heel fracture, major depressive disorder and generalized anxiety disorder. (Tr. at 17.) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 21.) The ALJ then found that Claimant has a residual functional capacity for light work, reduced by several nonexertional limitations which essentially limited him to sedentary work. (Tr. at 21.) As a result, Claimant cannot return to his past relevant work. (Tr. at 21.) Nevertheless, the ALJ concluded that Claimant could perform jobs such as telephone/microphone order clerk, assembler of small products and surveillance system monitor, which exist in significant numbers in the national economy. (Tr. at 22.) On this basis, benefits were denied. (Tr. at 23.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was

defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Cellebreze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported by substantial evidence.

<u>Claimant's Background</u>

Claimant was forty-nine years old at the time of the administrative hearing. (Tr. at 32.) Claimant completed the ninth grade. (Tr. at 34.) In the past, he worked for a florist as a flower arranger and stocker, and as a housekeeper in a nursing home. (Tr. at 36-37.)

<u>The Medical Record</u>

The court has reviewed all evidence of record, including the

medical evidence of record, and will discuss it further below as necessary.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because (1) the ALJ misconstrued Dr. Fidler's opinions; (2) the ALJ erred in the weight afforded the opinions of Dr. Chattin and Ms. Walker; (3) the ALJ ignored Claimant's valid IQ score of 67; and (4) the ALJ erred in failing to include sufficient limitations related to anxiety and depression in his hypothetical question. (Pl.'s Br. at 5-10.)

The Commissioner argues that (1) Dr. Fidler's opinion supports the ALJ's credibility finding; (2) the ALJ properly determined that Dr. Chattin's opinion was not entitled to controlling weight; (3) the ALJ properly determined that Ms. Walker's opinion was not entitled to controlling weight; (4) Claimant failed to show that he meets Listing 12.05C; and (5) the ALJ's hypothetical question included those limitations supported by substantial evidence of record. (Def.'s Br. at 11-20.)

The court finds that the ALJ's decision is not supported by substantial evidence because the ALJ failed to conduct a 12.05C analysis, despite the fact Claimant had a valid full scale IQ score of 67.

In order to meet the criteria of Listing 12.05C, the regulations require that Claimant must meet the introductory

language of Listing 12.05C, which states that "[m]ental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R., Subpt. P, App. 1, § 12.05 (2005); see also § 12.00A (stating that for Listing 12.05, claimants must satisfy the diagnostic description in the introductory paragraph and any one of the four sets of criteria). Listing 12.05C also requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C (2005).

The Fourth Circuit has held that a claimant's additional "severe" impairment qualifies as a significant work-related limitation for the purpose of listing § 12.05C. Luckey, 890 F.2d at 669. A "severe" impairment is one "which significantly limits [one's] ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c) (2005). In Luckey, the Court ruled that

> Luckey's inability to perform his prior relevant work alone established the significant work-related limitation of function requirement of § 12.05C. Further, the Secretary has defined a severe impairment or combination of impairments as those which significantly limit an individual's physical or mental ability to do basic work activities. The Secretary's finding that Luckey suffers from a severe combination of impairments also establishes the second prong of § 12.05C.

7

Luckey, 890 F.2d at 669.

At the hearing, Claimant testified that he can read, but he cannot understand much of what he reads. Claimant testified that he completed the ninth grade, received poor grades and was helped through school by others. (Tr. at 54.) The record does not contain school records.

On June 10, 2004, Mari Sullivan Walker, M.A., a licensed psychologist, and Kevin W. Adams, M.A., a supervised psychologist, examined Claimant at the request of his counsel. Claimant reported that he began school at age seven and completed the tenth grade. He repeated first grade and received special education classes. (Tr. at 205.) On the WAIS-III, Claimant attained a verbal IQ score of 70, a performance IQ score of 70 and a full scale IQ score of 67. (Tr. at 206.) Walker and Adams opined that the scores were valid. In their diagnoses summary, they deferred an Axis II diagnosis, stating that the "[d]iagnosis [was] deferred (Full Scale IQ 67 is considered to be valid but he does not meet the criteria in deficits in his adaptive functioning to diagnose Mild Mental Retardation)." (Tr. at 207.) In the written summary following this statement, Walker and Adams state that Claimant "obtained a Full Scale IQ [in] the Mild Mental Retardation range. He is reading on a fifth grade level and performing mathematics on a fourth grade level. Scores are believed to be valid." (Tr. at 208.) Walker and Adams completed a Medical Assessment of Ability

to do Work-Related Activities (Mental) on which they opined that Claimant had a poor ability to follow work rules, relate to co-workers, deal with the public, interact with supervisors, deal with work stresses, function independently, maintain attention and concentration, understand, remember and carry out complex job instructions, behave in an emotionally stable manner, relate predictably in social situations and demonstrate reliability. (Tr. at 210-12.)

In his decision, the ALJ made no finding as to whether Claimant's level of intellectual functioning was a severe impairment. In addition, despite the listing level full scale IQ score of 67, the ALJ never addressed the issue of whether Claimant meets or equals Listing 12.05C. The ALJ did acknowledge the evidence of record from Walker and Adams. He stated the

> [t]he undersigned rejects the opinion that the claimant's IQ scores were valid. In fact, Mr. Adams and Ms. Walker did not diagnose mild mental retardation or even learning disorder, as they noted that the claimant did not meet the criteria in deficits in his adaptive functioning. However, Mr. Adams and Ms. Walker also opined that the claimant was incapable of sustaining substantial gainful employment of even the light or sedentary type. The undersigned gives no weight to this opinion as it is totally inconsistent with the objective evidence of record.

(Tr. at 20-21.) Nor did the ALJ afford any weight to the assessment completed by Walker and Adams. (Tr. at 21.)

The evidence of record from Walker and Adams is conflicting. They mention in one part of their report that Claimant is not

9

mildly mentally retarded, yet they state in another section that Claimant's IQ score is in the mild mental retardation range. In any event, Claimant's full scale IQ score of 67 was valid and, Claimant suffers from other severe impairments. As such, the ALJ should have considered whether Claimant meets or equals the remaining requirements of Listing 12.05C, including whether he had "mental retardation, [which] refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22."  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C (2005). Because the ALJ's decision does not contain such an analysis, the court cannot conclude that the decision is supported by substantial evidence.

The court need not reach the remaining arguments raised by Claimant, as they can be addressed on remand.

After a careful consideration of the evidence of record, the court finds that the Commissioner's decision is not supported by substantial evidence. Accordingly, by Judgment Order entered this day, this matter is REVERSED and REMANDED for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) and this matter is DISMISSED from the docket of this court.

The Clerk of this court is directed to transmit copies of this Order to all counsel of record.

ENTER: March 21, 2007

                                                 Mary E. Stanley
                                                 United States Magistrate Judge